Jason C. Baker was hired by Gold Kist, Inc., and was performing the duties of a "manifest loader" at the time he was injured. Baker's job required him to place boxes of chicken parts onto pallets and to load the pallets onto trucks for shipment to Gold Kist's customers throughout the southeastern states. This is a difference in kind, not degree, from the case of an architect who was hired to provide architectural services relating to remodeling a house and to provide specified items to be used in the remodeling that could be obtained only from out-of-state manufacturers. Robert Frank McAlpine Architecture, Inc. v. Heilpern, 712 So.2d 738
(Ala. 1998). Section 1 of the Federal Arbitration Act (9 U.S.C. § 1) exempts from coverage of the FAA "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."
In McAlpine, supra, at 749, this Court interpreted this phrase from § 1 of the FAA to apply to
 "only those workers directly engaged in the movement of goods in interstate commerce, i.e., those workers directly engaged in the interstate transportation and distribution of goods . . . . [T]he exemption was intended to be a narrow one, not applying to employment contracts across the board, but, instead, to the employment contracts of those workers directly engaged in the movement of goods in interstate commerce."
In my opinion, the architect in the McAlpine case was not engaged in the movement of goods in interstate commerce, but Baker, whose job was to load trucks, was. I would affirm the order of the trial court.
Cook and Johnstone, JJ., concur.